Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7058 | **DATE** | October 26, 2012 |
| **CASE TITLE** | Darcy Bell (#R-45443) v. Kane County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted his properly completed and certified motion to proceed i.f.p. [#6] as ordered. The motion is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $4.33 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Dixon Correctional Center. However, the Kane County Jail and Patrick Perez are dismissed as a Defendant. The Clerk is directed to issue summonses for Defendants Sergeant Ducay, and Richard Campbell, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#3] is denied.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff was ordered on September 4, 2012, to submit a properly completed and certified motion to proceed *in forma pauperis*, and has complied. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.33. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

     Plaintiff has submitted a proposed complaint pursuant to 42 U.S.C. § 1983, making allegations against Kane County Sheriff Patrick Perez, Sergeant Ducay, and Correctional Officer Campbell, both of the Kane County Jail. In his proposed complaint, Plaintiff alleges that on November 23, 2011, these Defendants violated his constitutional rights by subjecting him to excessive force, and denial of adequate medical care for his resulting injuries. Plaintiff also makes allegations about his conditions of confinement. More specifically, Plaintiff alleges that Defendants handcuffed him to a chair, sprayed him with pepper spray, and punched him in the mouth. He further alleges that they would not allow him to flush his eyes or seek care for his eyes for fifteen hours after.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendants Ducay and Campbell for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). Plaintiff also
**(CONTINUED)**

   AWL

| STATEMENT |
|---|

states a claim for denial of medical care for the injuries he suffered due to the alleged excessive force. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). While a more fully developed record may belie the Plaintiff's allegations, Defendants must respond to the complaint.

However, with respect to Defendant Perez, Plaintiff has failed to state a claim. Plaintiff alleges that Sheriff Perez has instituted a policy of denying detainees who are sent to segregation a mattress to sleep on, as punishment. However, the Seventh Circuit Court of Appeals has held that denial of a mattress in a jail setting does not amount to the kind of "atypical and significant hardship" that amounts to a violation of the due process clause. *Stephens v. Cottey*, 145 Fed. Appx. 179, 181 (7th Cir. 2005). Consequently, Plaintiff has failed to state a claim against Sheriff Perez, and he is dismissed as a Defendant.

Also, Plaintiff names the Kane County Jail as a Defendant. The Kane County Jail is not a suable entity, and consequently must be dismissed. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993).

The Clerk shall issue summonses forthwith to Defendants Ducay and Campbell (hereinafter, "Defendants"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If Defendants can no longer be found at the work address provided by Plaintiff, the Rock Falls Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.